IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY CURTIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 11-463-GPM |
| | ) |
| UNION PACIFIC RAILROAD COMPANY, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Terry Curtis, a former employee of Defendant Union Pacific Railroad Company ("Union Pacific"), brings this action against Union Pacific for alleged unlawful discrimination in employment. Terry claims that he was terminated from his employment with Union Pacific by reason of a disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12102 *et seq*., the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010 *et seq*., and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq*. Currently this matter is before the Court on a motion by Union Pacific to dismiss Curtis's MHRA claim for failure to state a claim upon which relief can be granted (Doc. 11). Specifically, Union Pacific argues that the MHRA does not apply to discriminatory conduct that occurs outside Missouri. Additionally, Union Pacific argues that Curtis has failed to exhaust his administrative remedies with respect to his MHRA claim by obtaining a right-to-sue letter from the Missouri Commission on Human Rights ("MCHR"). Curtis in turn has responded to the motion. Having considered the matter carefully, the Court now rules as follows.

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts all well-pleaded allegations in a plaintiff's complaint as true. *See* Fed. R. Civ. P. 12(b)(6); *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002); *S.C. Johnson & Son, Inc. v. Buske*, Civil No. 09-286-GPM, 2009 WL 3010833, at *8 (S.D. Ill. Sept. 17, 2009). The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *Heinze v. Southern Illinois Healthcare*, Civil No. 08-672-GPM, 2010 WL 276722, at *2 (S.D. Ill. Jan. 19, 2010). A complaint should not be dismissed under Rule 12(b)(6) unless it either fails to provide adequate notice – as has been required consistently under Rule 8 of the Federal Rules of Civil Procedure – or does not contain "enough facts to state a claim to relief that is plausible on its face," that is, the claim has not been "nudged . . . across the line from conceivable to plausible[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "A complaint need not 'allege all, or *any*, of the facts logically entailed by the claim,' and it certainly need not include evidence." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)) (emphasis in original). Nevertheless, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the . . . grounds . . . of his . . . entitlement to relief . . . requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *James v. Illinois Sexually Dangerous Persons Act*, Civil No. 09-40-GPM, 2009 WL 2567910, at *2 (S.D. Ill. Aug. 19, 2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 555) (brackets omitted). With this standard in mind, the Court turns to consideration of Union Pacific's motion.

Concerning the issue of whether the MHRA properly can be applied to the conduct complained of in the complaint, the MHRA does not contain any limitation as to the statute's geographic scope. Also, it is undisputed that Curtis is a citizen of Missouri and that he performed a portion of his duties for Union Pacific in Missouri. It further is undisputed that Union Pacific is an "employer" within the meaning of the MHRA, which defines an employer as "any person employing six or more persons within the state, and any person directly acting in the interest of an employer[.]" Mo. Rev. Stat. § 213.010(7). Thus, the Court finds no merit in Union Pacific's argument that the MHRA cannot be applied in this case. There remains, however, the issue of whether Curtis exhausted his administrative remedies under the MHRA. The MHRA contains a requirement of exhaustion of administrative remedies:

> Any person claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with the [Missouri Commission on Human Rights ("MCHR")] a verified complaint in writing, within one hundred eighty days of the alleged act of discrimination, which shall state the name and address of the person alleged to have committed the unlawful discriminatory practice and which shall set forth the particulars thereof and such other information as may be required by the [MCHR].

Mo. Rev. Stat. § 213.075(1). The statute provides further,

> If, after one hundred eighty days from the filing of a complaint alleging an unlawful discriminatory practice . . . to the extent that the alleged violation . . . relates to or involves a violation . . . as it relates to employment and public accommodations, the [MCHR] has not completed its administrative processing and the person aggrieved so requests in writing, the [MCHR] shall issue to the person claiming to be aggrieved a letter indicating his or her right to bring a civil action within ninety days of such notice against the respondent named in the complaint.

Mo. Rev. Stat. § 213.111(1). Importantly, "[a]lthough not jurisdictional, a right-to-sue letter is a prerequisite to the filing of a MHRA claim in . . . court." *Public Sch. Ret. Sys. of Sch. Dist. of Kansas City v. Missouri Comm'n on Human Rights*, 188 S.W.3d 35, 44 (Mo. Ct. App. 2006).

Equally importantly, obtaining a right-to-sue letter from the United States Equal Employment Opportunity Commission ("EEOC") authorizing a suit under federal laws prohibiting discrimination in employment does not satisfy the requirement of exhaustion of administrative remedies under the MHRA. *See Whitmore v. O'Connor Mgmt., Inc.*, 156 F.3d 796, 800-01 (8th Cir. 1998). A plaintiff's failure to obtain a right-to-sue letter from the MCHR can be cured after litigation has begun. *See Simmons v. Directory Distrib. Assocs.*, No. 4:04 CV 674 CAS, 2005 WL 2033426, at *6 (E.D. Mo. Aug. 22, 2005); *Vankempen v. McDonnell Douglas Corp.*, 923 F. Supp. 146, 148 (E.D. Mo. 1996). In this instance, however, there is nothing in the record to suggest that Curtis has made any attempt, either before or after the filing of this litigation, to obtain a right-to-sue letter from the MCHR, and therefore Curtis's MHRA claim will be dismissed without prejudice. *See Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009) (citing *Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989)) (the "proper resolution for failing to exhaust administrative remedies is dismissal without prejudice").

As a last matter, although the parties have not raised the issue, the Court notes that Curtis appears also to have failed to exhaust his administrative remedies with respect to his IHRA claim. In general, courts cannot entertain IHRA claims directly and may only conduct review of a final order of the Illinois Human Rights Commission ("IHRC"). *See* 775 ILCS 5/8–111(B); *Garcia v. Village of Mount Prospect*, 360 F.3d 630, 640 & n.10 (7th Cir. 2004); *Shah v. Inter-Continental Hotel Chicago Operating Corp.*, 314 F.3d 278, 281-82 (7th Cir. 2002); *Cavalieri-Conway v. L. Butterman & Assocs.*, 992 F. Supp. 995, 1009 (N.D. Ill. 1998). Furthermore, while it is the case that the Illinois Department of Human Rights has consented to receive charges of employment discrimination on behalf of the EEOC, a litigant's duty to exhaust administrative remedies under the

IHRA is not discharged merely obtaining a right-to-sue letter from the EEOC, which is all that is alleged in Curtis's complaint. *See Jimenez v. Thompson Steel Co.*, 264 F. Supp. 2d 693, 695 (N.D. Ill. 2003); *Zamani v. American Dental Ass'n*, No. 98 C 1022, 1998 WL 812545, at *3 (N.D. Ill. Nov. 18, 1998) (citing *Hong v. Children's Mem'l Hosp.*, 936 F.2d 967, 969 (7th Cir. 1991)); *Moore v. Jewel Food Stores, Inc.*, No. 97 C 6501, 1998 WL 102639, at *4 (N.D. Ill. Mar. 3, 1998); *Drago v. Davis*, No. 96 C 2398, 1996 WL 479696, at *3 (N.D. Ill. Aug. 20, 1996). Ordinarily, where a litigant does not allege that he or she has received a final order of the IHRC before bringing suit under the IHRA, the IHRA claim must be dismissed. *See Jablonski v. Charles Levy Circulating Co.*, 888 F. Supp. 84, 86 (N.D. Ill. 1995) (an IHRA complaint that does not allege that the plaintiff exhausted administrative remedies by obtaining a final order of the IHRC before filing suit must be dismissed); *Allen v. City of Chicago*, 828 F. Supp. 543, 559 (N.D. Ill. 1993) (same). However, inasmuch as the parties have not raised the matter of Curtis's failure to exhaust administrative remedies as to his IHRA claim, the Court will not address the question further at this time.

To conclude, Union Pacific's motion to dismiss Curtis's MHRA claim (Doc. 11) is **GRANTED**, and Count II of Curtis's complaint is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

DATED: September 21, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge